UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In the Matter of:	}
	}
GAYNELL MOON	}	CASE NO. 06-81896-JAC-13
SSN:   XXX-XX-6393	}
	}
	         Debtor	}

**MEMORANDUM OPINION**

This case came before the Court on objection to confirmation filed by CitiFinancial Auto Corporation f/k/a TransSouth Financial ("CitiFinancial") on the grounds that CitiFinancial is not adequately protected by the debtor's proposed plan pursuant to which the debtor proposes to surrender CitiFinancial's collateral in full satisfaction of the creditor's claim. The issue before the Court is whether surrender under § 1325(a)(5)(C) is in full satisfaction of a debt described in what has been commonly referred to as the "hanging paragraph" following 11 U.S.C. § 1325(a).

On October 29, 2004, Gaynell Moon (hereinafter "debtor"), along with Larry Moon, a non-filing co-debtor, purchased a 2002 Jeep Cherokee from Toyota of Decatur. Toyota financed the purchase of the vehicle and subsequently assigned the Moons' contract to CitiFinancial. The loan is secured by a perfected security interest in the Jeep Cherokee.

On September 19, 2006, the debtor filed for relief under Chapter 13 of the United States Bankruptcy Code. On the petition date, the total amount of CitiFinancial's claim was $16,785.96. The debtor's proposed Chapter 13 plan provides for the surrender of the Jeep

Cherokee to CitiFinancial. The plan further provides that the surrender shall be "in full satisfaction of the debt owed."

According to this provision, CitiFinancial would not be entitled to an unsecured deficiency claim for any remaining amount due after the sale of the vehicle. CitiFinancial objects to this provision and argues that after the surrender and disposal of its collateral, it retains its state law rights to file a deficiency claim for the established deficiency balance. The debtor argues that she is entitled to surrender the Jeep Cherokee in full satisfaction of CitiFinancial's $16,785.96 claim pursuant to what has been commonly referred to as the "hanging paragraph" following § 1325(a) which reads as follows:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle . . . . acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

An undersecured creditor's claim is bifurcated into its secured and unsecured components pursuant to § 506 which provides in relevant part:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . . and is an unsecured claim to the extent that the value of such creditors' interest . . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

2

If § 506 no longer applies for confirmation purposes under § 1325(a)(5) "with respect to each allowed secured claim provided for by the plan," the question becomes what claim, if any, does a 910 creditor have after surrender of collateral pursuant to § 1325(a)(5)(C). Does the hanging paragraph allow the debtor to surrender the vehicle under § 1325(a)(5)(C) in full satisfaction of the debt, or is CitiFinancial entitled to assert a deficiency claim after the vehicle is surrendered and liquidated?

The majority of cases on point have held that a 910 creditor cannot assert an unsecured deficiency claim if a debtor elects the surrender option under § 1325(a)(5)(C) because the hanging paragraph following § 1325(a) prevents bifurcation of such creditor's claim not only when a debtor elects to retain a vehicle pursuant to § 1325(a)(5)(B), but also when a debtor elects to surrender a vehicle under § 1325(a)(5)(C). *See In re Maggett*, 2006 WL 3478991 (Bankr. D. Neb. 2006); *In re Gentry*, 2006 WL 3392947 (Bankr. E.D. Tenn. 2006); *In re Turkowitch*, 2006 WL 3346156 (Bankr. E.D. Wis. 2006); *In re Feddersen*, 2006 WL 3347919 (Bankr S.D. Ill. 2006); *In re Bayless*, 2006 WL 2982101 (Bankr. E.D. Tenn.2006); *In re Pool,* 351 B.R. 747 (Bankr. D. Or. 2006); *In re Evans*, 349 B.R. 498 (Bankr. E.D. Mich. 2006); *In re Nicely*, 349 B.R. 600 (Bankr. W.D. Mo. 2006); *In re Osborn*, 348 B.R. 500 (Bankr. W.D. Mo. 2006); *In re Sparks*, 346 B.R. 767 (Bankr. S.D. Ohio 2006); *In re Brown*, 346 B.R. 868 (Bankr. N.D. Fla. 2006); *In re Payne*, 347 B.R. 278 (Bankr. S.D. Ohio 2006); *In re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006). These cases

3

have adopted or agreed with the analysis found in *In re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006) in which the court explained:

> The Anti-Cramdown Paragraph serves to eliminate Revised § 506 from the allowed secured/unsecured claim bifurcation treatment otherwise mandated by Revised § 506 with regard to those claims secured by "a motor vehicle" and "any other thing of value" falling within its provisions. In other words, when the creditor files its claim as secured, the Anti-Cramdown Paragraph precludes the use of Revised § 506(a) to reduce or bifurcate that claim into secured and unsecured components. Unless the amount of the claim is subject to reduction for reasons other than collateral value, the creditor's allowed secured claim is fixed at the amount at which the claim is filed.
>
> Accordingly, under Revised § 1325(a)(5), a creditor holding a secured claim falling within the scope of the Anti-Cramdown Paragraph is fully secured for the amount of its claim, which is, in actuality, the debt owed. If the property is to be retained pursuant to Revised § 1325(a)(5)(B), the debtor must treat the entire claim as secured, and unless the creditor agrees to other treatment, must propose a plan that will pay the full amount of the claim as secured over the life of the plan. It only stands to reason that the same analysis is true when applied to surrender under Revised § 1325(a)(5)(C) – the creditor is fully secured, and surrender therefore satisfies the creditor's allowed secured claim in full.[1]

The Sixth Circuit Court of Appeals has accepted a direct appeal of the issue presented in *Ezell* in another decision by the same court, *In re Long*, 2006 WL 2090246 (Bankr. E.D. Tenn. 2006), in which the court adopted *Ezell*.[2]

Other courts have held that the hanging paragraph does not affect a 910 creditor's right to a deficiency claim upon surrender. *See In re Duke*, 345 B.R. 806 (Bankr. W.D. Ky. 2006); *In re Zehrug,* 351 B.R. 675 (Bankr. W.D. Wis. 2006); *In re Particka*, 2006 WL

---

[1] *In re Ezell*, 338 B.R. 330, 340 (Bankr. E.D. Tenn. 2006).

[2] As the case law continues to develop, the Court may reconsider the issue in subsequent cases.

3350198 (Bankr. E.D. Mich. 2006); *In re Hoffman*, 2006 WL 3813775 (Bankr. E.D. Mich. 2006); *In re Morales*, 2007 WL 92414 (Bankr. N.D. Ill. 2006). *In re Particka*, 2006 WL 3350198 (Bankr. E.D. Mich. 2006) provides the most comprehensive analysis of the minority view:

> The hanging paragraph's declaration that § 506 no longer applies to 910 creditors under § 1325(a)(5) only causes a change in the law to the extent that pre-BAPCPA § 506 ever had any application to § 1325(a)(5). If a pre-BAPCPA debtor retained a vehicle and proposed to pay the creditor's allowed secured claim under § 1325(a)(5)(B), then § 506 applied to determine the amount of that allowed secured claim by reference to the value of the vehicle because the estate had an interest in the retained vehicle. The application of § 506 in permitting a debtor to retain a vehicle under § 1325(a)(5)(B) by paying only the cram down value is now barred, at least as it applies to 910 creditors. Payment of the cram down amount and retention of the vehicle is no longer permissible with respect to 910 creditors.
>
> On the other hand, the surrender of collateral changes the parties' interest in the property and consequently the impact of § 506. As explained earlier in the opinion, § 506(a) applies by its terms only to "an allowed claim of a creditor secured by a lien on property *in which the estate has an interest* . . . . " 11 U.S.C. § 506(a) (emphasis added)
>
> \* \* \* \*
>
> If the estate has no interest in the property that secures a claim, there is no reason to use the valuation process of § 506 to determine the amount of the secured claim. Once the estate has no interest in the property, a secured creditor is free to foreclose upon its interest under applicable non-bankruptcy law and apply the proceeds of the sale of the collateral to its claim. The creditor, of course, still retains its right to an allowed unsecured deficiency claim against a debtor under § 502 of the Bankruptcy Code if the debtor remains liable for the deficiency under applicable non-bankruptcy law.[3]

---

[3] *In re Particka,* 2006 WL 3350198, \*8 (Bankr. E.D. Mich. 2006).

5

The court in *In re Gentry*, 2006 WL 3392497 (Bankr. E.D. Tenn. 2006), adopted the majority view and responded to *Particka* as follows:

> The argument that Pre-BAPCPA § 506(a) had no application to surrender under Pre-BAPCPA § 1325(a)(5)(C) is misplaced. Valuation of a creditor's allowed secured claim under Pre-BAPCPA § 506(a) was "determined in light of the purpose of valuation and of the proposed disposition or use of such property. 11 U.S.C. § 506(a)(2004). Upon surrender under Pre-BAPCPA § 1325(a)(5)(C), liquidation value was clearly the yardstick by which the allowed secured claim was determined while, for cramdown purposes under Pre-BAPCPA § 1325(a)(5)(B), replacement value was the criteria. *See Assoc. Commerical Corp. v. Rash*, 520 U.S. 953., 117 S.Ct. 1879, 138 L.ED. 2d 148 (1997).
>
> * * * *
>
> The decisions in *Zehrung* and *Particka* were based on the proposition that "[s]ection 506 has application only when the estate retains an interest in the collateral, a circumstance which disappears with surrender." *In re Zehrung*, 2006 WL 3059908, *3; *see also In re Particka*, 2006 WL 3350198, *10 (quoting *Zehrung*). However, as previously discussed, the pre-BAPCPA verison of § 506(a) was not limited to the retention scenario. By its terms, it plainly addressed both the retention and surrender situations since "value [of a secured creditor's collateral and thus the amount of its allowed secured claim] [was] to be determined in light of the purpose of the valuation and the proposed disposition or use of such property. . . ." 11 U.S.C. § 506(a). This language remains unchanged by the BAPCPA amendments.[4]

The *Gentry* court further responded to the observation in *Particka* that the hanging paragraph does not by its terms deprive a secured creditor of its state law right to an unsecured deficiency claim, writing:

> The fact that a creditor has certain rights under state law is not necessarily determinative of its rights under the Bankruptcy Code. "[S]tate law determines

---

[4] *In re Gentry,* 2006 WL 3392947, *6-7 (Bankr. E.D. Tenn. 2006).

6

rights in property only to the extent such rights are not modified by the Bankruptcy Court."[5]

The Court agrees with the reasoning in *Gentry* and *Ezell,* and concludes that the hanging paragraph following § 1325(a) applies to both § 1325(a)(5)(B) and § 1325(a)(5)(C). Without §506, a 910 creditor has no statutory basis to assert an unsecured claim after surrender of its collateral. Therefore, CitiFinancial's claim will be treated as fully secured under § 1325(a)(5)(C) and surrender will satisfy the creditor's claim in full. CitiFinancial's objection to confirmation is due to be overruled.

A separate order will be entered consistent with this opinion.

Dated: January 26, 2007

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

JAC/mhb
xc: Debtor(s)
    G. John Dezenberg, attorney for debtor
    Paul J. Spina, III, attorney for defendant(s)
    Philip Geddes, trustee

---

[5] *In re Gentry*, 2006 WL 3392497 *7 (Bankr. E.D. Tenn. 2006)