IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| In re:  GAYNELL MOON, | ) | |
| | ) | Bankruptcy No. 06-81896-JAC-13 |
| Debtor. | ) | |
| | ) | |
| CITIFINANCIAL AUTO | ) | |
| CORPORATION f/k/a TRANSSOUTH | ) | |
| FINANCIAL CORPORATION, | ) | |
| | ) | |
| Appellant, | ) | CIVIL ACTION NO. 07-G-0429-NE |
| | ) | |
| v. | ) | |
| | ) | |
| GAYNELL MOON and PHILIP A. | ) | |
| GEDDES, as Trustee, | | |
| | | |
| Appellees. | | |

## MEMORANDUM OPINION

This cause is before the court on appeal from an order entered by the Bankruptcy Court for the Northern District of Alabama in the chapter 7 bankruptcy case of Gaynell Moon. The court has jurisdiction pursuant to 28 U.S.C. § 158.

## STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions de novo. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).

## SUMMARY OF RELEVANT FACTS

On October 29, 2004, the Appellee, Gaynell Moon ("Moon" or the "Debtor"), along with Larry Moon (a non-filing co-debtor), purchased a 2002 Jeep Cherokee (VIN 1J4GX48S82C137500) (the "Vehicle") from Toyota of Decatur. In order to finance the purchase the vehicle, the Moons and Toyota of Decatur entered into a Retail Installment Contract and Security Agreement, which was assigned to TransSouth Financial Corporation, predecessor-in-interest to CitiFinancial Auto Corporation ("CitiFinancial" or "Appellant"). The loan is secured by a perfected security interest in the Vehicle. On September 19, 2006, Moon filed for relief under Chapter 13 under Title 11 of the United States Code (the "Bankruptcy Code"). Moon proposed a plan wherein she stated her intention to surrender the Vehicle to CitiFinancial "in full satisfaction of the debt owed." [R. 13]. Although Moon's plan proposed to pay unsecured creditors 100 percent of their allowed claims, under the plan CitiFinancial would receive nothing in payment of its potential unsecured deficiency claim. On October 24, 2006, CitiFinancial objected to the confirmation of the Debtor's Chapter 13 plan.

In considering CitiFinancial's objection, the bankruptcy court opined:

> According to this provision [of the Debtor's plan which proposed surrender in full satisfaction], CitiFinancial would not be entitled to an unsecured deficiency claim for any remaining amount due after the sale of the vehicle. CitiFinancial objects to this provision and argues that after the surrender and disposal of its collateral, it retains its state law rights to file a deficiency claim for the established deficiency balance. The debtor argues that she is entitled to surrender the Jeep Cherokee in full satisfaction of CitiFinancial's $16,785.96 claim pursuant to what has been commonly referred to as the "hanging paragraph" following §1325(a) which reads as follows:

2

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle . . . . acquired for the personal use of the debtor, of collateral for the debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

An unsecured creditor's claim is bifurcated into its secured and unsecured components pursuant to § 506 which provides in relevant part:

> (a)(1)  An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . . is less than the amount of such allowed claim.  Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

If § 506 no longer applies for confirmation purposes under § 1325(a)(5) "with respect to each allowed secured claim provided for by the plan," the question becomes what claim, if any, does a 910 creditor have after surrender of collateral pursuant to § 1325(a)(5)(C).  <u>Does the hanging paragraph allow the debtor to surrender the vehicle under § 1325(a)(5)(C) in full satisfaction of the debt, or is CitiFinancial entitled to assert a deficiency claim after the vehicle is surrendered and liquidated?</u>

[R. 39, pps. 2-3].(emphasis added)

The bankruptcy court concluded:

that the hanging paragraph following § 1325(a) applies to both § 1325(a)(5)(B) and § 1325(a)(5)(C).  Without § 506, a 910 creditor has no statutory basis to assert an unsecured claim after surrender of its collateral.  Therefore, CitiFinancial's claim will be treated as fully secured under §

3

>    1325(a)(5)(C) and surrender will satisfy the creditor's claim in full.
>    Citifinancial's objection to confirmation is due to be overruled.

[R. 39, p. 7].  CitiFinancial appealed.

## DISCUSSION

The sole issue on this appeal is whether the bankruptcy court erred in holding that the "hanging paragraph" of 11 U.S.C. §1325(a) permits the Debtor to surrender the Vehicle under §1325(a)(5)(c) in full satisfaction of the debt. In <u>In re Barrett</u>, ___ F.3d ___, Nos. 07-14796, 07-14797, 2008 WL 4378739 (11th Cir. Sept. 29, 2008), the Eleventh Circuit Court of Appeals spoke directly to this issue.

In <u>Barrett</u>, the debtors purchased a 2006 Jeep Liberty on August 15, 2006. DaimlerChrysler Financial Services Americas LLC ("Daimler") was the secured creditor under the retail installment contract.  On March 27, 2007, the debtors filed a Chapter 13 petition, making the debtors' Jeep Liberty a 910 vehicle.  Daimler filed a proof of claim for $25,661.27, which was the balance of the contract at the date of the petition.  The debtor's plan proposed to surrender the vehicle in full satisfaction of the debt owed to Daimler, and also to pay 100 percent on allowed unsecured claims.  Because the debtor's plan did not provide for the payment of Daimler's deficiency balance after the liquidation of the vehicle, Daimler objected to confirmation.  The bankruptcy court overruled the objection and confirmed the plan, and Daimler appealed.

"To answer the question presented in this case, we must interpret and apply two provisions of the Bankruptcy Code – Title 11, United States Code, Section

4

1325(a)(5) and 506(a) – in light of the 'hanging paragraph,' which was added at the end of Section 1325(a)(9) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ('BAPCPA').") Barrett, 2008 WL 4378739, at*2 (footnote omitted). The Barrett court continued:

> As courts have widely recognized, the hanging paragraph prevents a bankruptcy court from approving a plan incorporating a "cramdown" when the debtor elects to retain the 910 vehicle. *See In re Rodriguez*, 375 B.R. 535, 548 (9th Cir. BAP 2007) ("It is apparent that [with the hanging paragraph] Congress intended to take away the right of debtors to reduce their secured obligations on retained 910 vehicles to the value of the vehicles."). In other words, because the valuation provision of Section 506(a) no longer applies to bifurcate a 910 vehicle claim, a debtor retaining the vehicle must now pay the entire claim and it is to be treated as fully secured. The question in this case, however, is: what happens when the debtor surrenders a 910 vehicle post-BAPCPA?

2008 WL 4378739, at *3. After discussing the views of other circuits, the Barrett court held, "A plain reading of the hanging paragraph makes clear that Congress intended (and did) make Section 506(a) inapplicable to a 910 vehicle. In such a situation, we agree with the Seventh Circuit that 'by knocking out §506, the hanging paragraph leaves the parties to their contractual entitlements.'" 2008 WL 4378739, at *7.(citations omitted) The court concluded:

> We thus join the Seventh, Eighth, Tenth, and Fourth Circuits and hold that a creditor may pursue an unsecured deficiency claim when the debtor surrenders a 910 vehicle. The deficiency claim is to be governed by the parties' contract and applicable state law, and will depend on whether the contract and state law provide for recourse. Nothing in the Bankruptcy Code says otherwise, and we see no persuasive reason to conclude otherwise.

5

2008 WL 4378739, at *7.  In this case, §506(a) does not apply to the Vehicle, and CitiFinancial retains its state law rights regarding its unsecured deficiency claim.

## CONCLUSION

Based on the Eleventh Circuit's ruling in Barrett, the bankruptcy court's order overruling the objection of CitiFinancial is VACATED, and this case is REMANDED to the bankruptcy court for further proceedings consistent with this opinion.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 8 October 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.